**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BERNARD GIBSON, SR.,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-14-0820 |
| v. : | |
| : | (Judge Caputo) |
| **WARDEN J.E. THOMAS,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Introduction**

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and supporting memorandum filed by Bernard Gibson, Sr., an inmate confined at the United States Penitentiary at Lewisburg, Pennsylvania.  (Docs. 1 and 3.) He is currently serving a life sentence for conspiracy to possess with intent to distribute heroin and cocaine.  *See United States v. Gibson*, Crim. No. PJM 94-0454 (D. Md.).  Mr. Gibson argues his life sentence is invalid following the United States Supreme Court's decision in *Burrage v. United States*, ___ U.S. ___,134 S.Ct. 881, 187 L.Ed.2d 715 (2014).[1]  He claims that the United States District Court for the District of Maryland "was

---

[1] On January 27, 2014, the Supreme Court held that "where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(c) unless such use is a but-for cause of the death or injury." *Burrage*, ___ U.S. at ___, 134 S.Ct. at 891.  The Court also ruled that "[b]ecause the 'death results' enhancement increased the minimum and maximum sentences to which Burrage was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at ___, 134 S.Ct. at 887.

without authority" to sentence him pursuant to 21 U.S.C. § 841(b)(1)(A)(i) and *Burrage*, "because, the indictment did not charge a particular drug quantity and the jury made no finding on that point." (Doc. 3, ECF p. 10.)

Respondent seeks to dismiss the Petition asserting Mr. Gibson cannot challenge his federal sentence via a § 2241 petition and that his recourse would be to seek permission from the United States Court of Appeals for the Fourth Circuit to file a second or successive motion under 28 U.S.C. § 2255. (Doc. 9.) Mr. Gibson has filed a Reply (Doc. 10) arguing his Petition falls within the savings clause of *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997) because § 2255 is not available to him as the Supreme Court has not made *Burrage* retroactive to cases on collateral appeal.

On February 17, 2015, Mr. Gibson sought leave to supplement his Petition. (Doc. 12.) He argued that because there are "no allegations of [drug] quantities appeared (sic) in the indictment which charged conspiracy to distribute heroin and cocaine, the government failed to establish the requisite *mens rea* to convict him under 21 U.S.C. § 841 and § 846 in light of *McFadden v. United States*, ___ U.S. ___, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2015).[2] He seeks the court to hold the indictment, conviction and sentence "absolutely void," and release him from custody. (Doc. 12, ECF p. 5.) Respondent did not address the motion to supplement the petition.

---

[2] In *McFadden*, the Supreme Court construed the *mens rea* requirement under the Controlled Substance Analogue Enforcement Act of 1986 (Analogue Act), 21 U.S.C. §§ 802(32), 813. The Supreme Court confirmed the knowledge requirement for prosecutions under the Analogue Act, stating that § 841(a)(1) "requires a defendant to know only that the substance he is dealing with is some unspecified substance listed on the federal schedules." *McFadden*, ___ U.S. at ___, 135 S.Ct. at 2304. The Supreme Court found that this knowledge requirement "may be met by showing that the defendant knew he possessed a substance listed on the schedules, even if he did not know which substance it was" or by establishing that "the defendant knew the identity of the substance he possessed." *Id*.

For the reasons set forth below, Mr. Gibson's Petition will be dismissed for lack of jurisdiction and his motion to amend will be denied.

## II.   Background

A jury convicted Mr. Gibson of conspiracy to distribute and possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846.  The court imposed a mandatory life sentence.  *See Gibson*, Crim. No. PJM 94-0454 (D. Md.).  The Fourth Circuit Court of Appeals affirmed his sentence and conviction.  *United States v. Gibson*, 187 F.3d 631 (4th Cir. 1999).  The Supreme Court granted *certiorari*, vacated the judgment and remanded the case to the Fourth Circuit Court of Appeals for further consideration in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).  *See Gibson v. United*, 531 U.S. 801, 121 S.Ct. 31, 148 L.Ed.2d 3 (2000).

On remand, the Fourth Circuit Court of Appeals affirmed Mr. Gibson's conviction, but vacated his life sentence and remanded the matter to the trial court with instructions to sentence Mr. Gibson to a term of imprisonment not to exceed the thirty-year statutory maximum provided in 21 U.S.C. § 841(b)(1)(c).  *United States v. Gibson*, 18 F. App'x 85, 87 (4th Cir. 2001).  Prior to resentencing, the Supreme Court issued its decision in *United States v. Cotton*, 535 U.S. 625, 633, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002), which held that it is not error for a district court to refrain from submitting drug quantity to the jury where the evidence of drug quantity is overwhelming and essentially uncontroverted.  The sentencing court then reimposed Mr. Gibson's life sentence.  Mr. Gibson appealed.

The Fourth Circuit Court of Appeals affirmed on appeal, finding the "district court properly declined to follow" its mandate "in light of the Supreme Court's intervening

decision in *Cotton*." *United States v. Blue*, 85 F. App'x. 905, 906 (4th Cir. 2004). The Fourth Circuit Court of Appeals held that "although [the] drug quantity was not charged in the indictment or submitted to the jury, the imposition of life sentences did not affect the fairness, integrity, or public reputation of [the] judicial proceedings because the evidence of drug quantity in these cases was overwhelmingly and essentially uncontroverted." *Id*. The Supreme Court subsequently denied Mr. Gibson's petition for certiorari. *Gibson v. United States*, 541 U.S. 1081, 124 S.Ct. 2436, 158 L.Ed.2d 998 (2004).

> On May 25, 2005, Gibson filed his first petition for collateral relief under 28 U.S.C. § 2255. The Court denied the Petition on August 9, 2006. The Fourth Circuit denied a certificate of appealability on February 2, 2007. Following that denial, Gibson filed a Motion to be Relieved from Final Judgment Pursuant to Rule 60(b)(6). The Court construed the pleading as a successive pleading under 28 U.S.C. § 2255, rather than one under Rule 60(b)(6), and dismissed for lack of subject matter jurisdiction because Gibson had not obtained authorization from the United States Court of Appeals for the Fourth Circuit. The Court noted that Gibson would not be entitled to relief under Rule 60(b)(6) because he failed to present exceptional circumstances justifying relief.
>
> On August 17, 2009, Gibson filed a Motion for Reconsideration of Denial of his Rule 60(b)(6) Motion, arguing that the Court mistakenly assumed that his Rule 60(b)(6) motion was a successive § 2255 Motion. The Motion for Reconsideration was denied. On October 16, 2009, Gibson filed a Motion for Certificate of Appealability, which was denied on November 11, 2009.
>
> On March 11, 2010, Gibson filed a Motion for a Writ of Audita Querela to Reopen the Judgment, which the Court denied in May 2010, and which the Fourth Circuit subsequently affirmed.
>
> On July 23, 2010, Gibson filed a motion to Amend Pursuant to Fed. R. Crim. P. 36. The Court denied that Motion on October 8, 2010, another ruling affirmed by the Fourth Circuit.
>
> On June 7, 2011, Gibson filed a Motion for Reconsideration pursuant to Fed. Rule Civ. P. 60(d) and 60(b), making similar arguments as he had in his Rule 36 Motion. The Court denied

> that Motion on July 1, 2011 and on appeal, the Fourth Circuit construed the Motion as a successive and unauthorized petition, dismissed the appeal and denied a certificate of appealability.

*United States v. Gibson*, Crim. No. PJM-94-0454, 2014 WL 1599560 (D. Md. Apr. 17, 2014).

On April 20, 2012, Mr. Gibson, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting he was being held under a void judgment. *See Gibson v. Bledsoe*, No. 3:CV-12-0747, 2013 WL 1497427 (M.D. Pa. Apr. 10, 2013). By Memorandum and Order of April 10, 2013, this court dismissed the petition as a successive § 2255 petition even though he insisted he was not attacking the legality of his conviction or sentence, but rather the Bureau of Prisons' execution of his sentence. (*Id.*) On November 2, 2015, the Third Circuit Court of Appeals dismissed Mr. Gibson's appeal pursuant to Fed. R. App. 42(b). *Gibson v. Warden Lewisburg USP*, No. 15-3495 (3d Cir. Nov. 2, 2015)(unpublished slip op.).

> On June 21, 2013, Gibson filed yet another Motion to Vacate under § 2255 (Civ. No. PJM 13-1825), which the Court dismissed on June 28, 2013 as a successive petition. Gibson then filed a Motion for Reconsideration on July 5, 2013, and a Motion Pursuant to Federal Rule of Civil Procedure 59(e) on July 12, 2013. The Court denied both motions. Gibson appealed the dismissal of the § 2255 Motion and the denial of his Motion for Reconsideration and Rule 59(e) Motion, and again, the Fourth Circuit dismissed the appeal and denied a certificate of appealability.

*United States v. Gibson*, Crim. No. PJM-94-0454, 2014 WL 1599560 (D. Md. Apr. 17, 2014).

On January 22, 2014, Mr. Gibson filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60 which raised claims similar to his previous § 2255

-5-

motions. Citing *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 420, 184 L.Ed.2d 252 (2012), Mr. Gibson argued that the trial court improperly increased his mandatory or maximum sentence. (*Id*.) The sentencing court dismissed the motion as a successive § 2255 motion. (*Id*.)

Mr. Gibson filed his present § 2241 petition based on *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881. 187 L.Ed.2d 715 (2014) on April 29, 2014. He argues § 2255 relief is "unavailable" to him as *Burrage* was decided after he filed his direct review and § 2255 efforts. (Doc. 1, ECF pp. 9 - 10.)

On January 22, 2015, Mr. Gibson filed a Motion Pursuant to a (sic) Unripe Claim in light of *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881. 187 L.Ed.2d 715 (2014) before the sentencing court. After the government filed a response to the petition, but prior to the court resolving the motion, Mr. Gibson withdrew it. *See United States v. Gibson*, Civ. Action No. Crim. No. PJM 94-0454 (D. Md.) (Docs. 1360 and 1368 - 70). On October 26, 2015, the sentencing court granted Mr. Gibson's motion to withdraw his motion premised on *Burrage*, *supra.*

### III.  Standard of Review

A petition filed under 28 U.S.C. § 2241 is reserved for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility and is filed in the federal court of the judicial district where the prison is incarcerated. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (citing *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001)). "A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the

means to collaterally challenge a federal conviction or sentence," *Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009), and must be presented to the court that imposed the sentence. *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").

Under highly exceptional circumstances, the "safety valve" or "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only where the remedy afforded by § 2255(a) "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e); *Abed v. Bledsoe*, 473 F. App'x 106, 107 - 108 (3d Cir. 2012); *Dorsainvil*, 119 F.3d at 249 - 51. For a § 2241 petition to be appropriate, the inadequacy or ineffectiveness of a § 2255 motion must be "a limitation of scope or procedure [that] would prevent a § 2255 proceeding from affording [the petitioner] a full hearing and adjudication of his wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle* 290 F.3d at 538 - 39. A § 2255 motion is not "inadequate or ineffective" merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; he did file such a motion and was denied relief; or he cannot otherwise meet the stringent gatekeeping requirements of § 2255(h) to file a second or successive § 2255 motion. *Troiano v. Warden Allenwood USP*, 614 F. App'x 49, 51 (3d Cir. 2015).

The Third Circuit Court of Appeals has only applied this "safety valve" in the rare situation where a prisoner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law. *Okereke*, 307 F.3d at

120 (3d Cir. 2002) (citing *Dorsainvil*, 119 F.3d at 251).  A § 2255 motion is inadequate "when a petitioner asserts a claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' ... but is otherwise barred from challenging the legality of the conviction under § 2255." *United States v. Tyler*, 732 F.3d 241, 246 (3d Cir. 2013) (quoting *Dorsainvil*, 119 F.3d at 252).  The savings clause of § 2255, however, is confined to instances of actual innocence of the underlying offense of conviction, not innocence of a sentencing factor.  "Section 2241 is not available for intervening changes in the sentencing law" as such alterations would not render the crime for which the prisoner was convicted non-criminal.  *United States v. Kenney*, 391 F. App'x 169, 172 (3d Cir. 2010) (citing *Okereke,* 307 F.3d at 120 - 121).

Finally, where a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition may be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

## IV.   Discussion

In his Petition, Mr. Gibson argues that the Maryland district court was without authority to sentence him pursuant to 21 U.S.C. § 841(b)(1)(A)(i) and *Burrage* "because, the indictment did not charge a particular drug quantity and the jury made no finding on that point." (Doc. 3, ECF p. 10.)  Accordingly, he believes his sentence invalid.  Because Mr. Gibson is challenging the validity of his conviction and not the manner it which his sentence is being administered, § 2255's exclusive remedy rule bars the present petition unless the savings clause applies.   Respondent argues, correctly, that this court cannot

entertain Mr. Gibson's § 2241 petition because it does not fit within the savings clause of 28 U.S.C. § 2255(e).

Although Mr. Gibson properly notes that *Burrage* was decided after he filed his § 2255 motion, this fact does not render his § 2255 remedy inadequate or ineffective. Having pursued § 2255 relief already, any further motions in the district of conviction would be viewed as "second or successive" § 2255 motions, which could not be entertained by the trial court without the circuit court's prior authorization. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h).[3] Thus, to the extent Mr. Gibson seeks to rely on new case law not previously available to him when he initially sought § 2255 relief, he must first seek permission from the Fourth Circuit Court of Appeals to file a second or successive § 2255 motion. He has not done so. Therefore, there remains the possibility that he could obtain such permission, if appropriate § 2255 is not inadequate or ineffective to raise his claim based on *Burrage*.[4] Consequently, the court will dismiss the instant petition filed under 28 U.S.C. § 2241,

---

[3] A prisoner may only file a second or successive motion under 28 U.S.C. § 2255 in very limited circumstances. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). According to 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —
>
> (1) Newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

[4] This court does not does not express any opinion as to Mr. Gibson's likelihood of success in obtaining relief to file a second or successive § 2255 petition based on his *Burrage* claim.

without prejudice, to Mr. Gibson seeking leave from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion based on his *Burrage* claim.[5]

Moreover, Mr. Gibson's challenge to his sentence enhancement under *Burrage* is not cognizable under § 2241.  Mr. Gibson argues he may proceed under § 2241 as he cannot satisfy the gatekeeping provisions of § 2255 because the Supreme Court did not make *Burrage* retroactive to cases on collateral review.  (Doc. 1, ECF p. 10.)  He argues his life sentence is invalid because the drug quantity at issue used to enhance his sentence was determined by the sentencing court and not the jury.   First, Mr. Gibson's inability to satisfy § 2255's gatekeeping requirements does not make § 2255 unconstitutionally inadequate in his case.  *Cradle*, 290 F.3d at 538-39.  Additionally, the holding in *Dorsainvil* does not open the § 2241 portal for Mr. Gibson.  *Dorsainvil* "allows relief under § 2241 when a subsequent statutory interpretation renders a petitioner's conduct no longer criminal."  *Mikell v. Recktenwald*, 545 F. App'x 82, 84 (3d Cir. 2013) (citing *Dorsainvil*, 119 F. 3d at 251-52.)  Here, Mr. Gibson's sentencing claim is not the type of claim that a federal prisoner may bring by way of a § 2241 habeas petition.  Assuming *Burrage* is even applicable to Mr. Gibson, it is one of a line of cases similar to *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that a factor which increases the minimum or maximum possible sentence must be submitted to a jury and found beyond a reasonable doubt.  Mr. Gibson is arguing that he was improperly

---

[5] The same holds true for any claim he may wish to raise pursuant to *McFadden, supra*.

-10-

given a sentencing enhancement. His argument is insufficient to fall within the *Dorsainvil* exception because it presents argument that he is factually innocent of a sentencing enhancement as opposed to being factually innocent of the crime for which he was convicted (conspiracy to distribute and possess with intent to distribute heroin and cocaine). *See United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.").

For all the above reasons, Mr. Gibson has failed to demonstrate circumstances that would render § 2255 an inadequate or ineffective remedy so as to proceed before this court on a § 2241 petition.

**V.    Conclusion**

Based on the foregoing, the Petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the court does not find it in the interests of justice to transfer this habeas petition to the Fourth Circuit as a request to file a second or successive 28 U.S.C. § 2255 motion. Nonetheless, the court's dismissal is without prejudice to Mr. Gibson's ability to take any action he deems appropriate under 28 U.S.C. § 2244 and 28 U.S.C. § 2255 to preserve and present his issues in a second or successive motion to vacate, set aside, or correct his sentence.

An appropriate Order follows.

                                          **/s/ A. Richard Caputo**
                                          **A. RICHARD CAPUTO**
                                          **United States District Judge**

**Date:  January 19, 2016**