**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **BERNARD GIBSON, SR.,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-14-0820 |
| v. : | |
| : | (Judge Caputo) |
| **WARDEN J.E. THOMAS,** : | |
| : | |
| Respondent : | |

**M E M O R A N D U M**

**I.   Background**

Bernard Gibson, a federal inmate presently serving a sentence for conspiracy to possess with intent to distribute heroin and cocaine in violation of 21 U.S.C. § 846 at the Petersburg Low Federal Correctional Institution in Petersburg, Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his Petition, Mr. Gibson, relying on *Burrage v. United States*, ___ U.S. ___, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014), challenged his life sentence imposed by the United States District Court for the District of Maryland claiming it to be "above the statutory maximum." (ECF No. 1, Pet.)  By Memorandum and Order of January 16, 2016, following a response by Respondent, Mr. Gibson's Petition was dismissed.  *Gibson v. Thomas*, No. 3:CV-14-0820, 2016 WL 213618 (M.D. Pa. Jan. 19, 2016).  The Court explained that Mr. Gibson's Petition was subject to dismissal because he had failed to demonstrate circumstances that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective.  (*Id*.)  Consideration was also given to Mr. Gibson's

supplemental request to raise a claim pursuant to *McFadden v. United States*, ___ U.S. ___, 135 S.Ct. 2298, 192 L.Ed.2d 260 (2015). Although both cases cited by Mr. Gibson were decided after his initial § 2255 petition, the Supreme Court of the United States made neither one retroactively applicable to cases on collateral review. The Court dismissed the Petition on the basis that the Petitioner could not meet the requirements of the saving clause announced in *In re Dorsainvil,* 119 F.3d 245, 261 (3d Cir. 1997).

Presently before the Court is Mr. Gibson's motion for reconsideration arguing the Court erred and overlooked *Persaud v. United States*, ___ U.S. ___, 134 S.Ct. 1023, 188 L.Ed.2d 117 (2014) when holding that he could not challenge his sentencing error by way of § 2241 petition. (ECF No. 15.) For the reasons set forth below, Mr. Gibson's motion for reconsideration will be denied.

**II.    Discussion**

A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)(quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A party moving to alter or amend a judgment pursuant to Rule 59(e) faces a difficult burden. The applicant for reconsideration must show "at least one of the following grounds:  (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice." *Schumann v. Astrazeneca Pharm.*, L.P., 769 F.3d 837, 848 (3d Cir. 2014) (quoting *Max's Seafood Café*, 176 F.3d at 677). Mere dissatisfaction with the Court's ruling is not a proper basis for reconsideration. *Progressive Cas. Ins. Co. v. PNC Bank, N.A.*, 73 F.Supp.2d 485, 487 (E.D. Pa. 1999).

      Here, aside from rearguing the allegations of his Petition, Mr. Gibson asserts that the Court erred by ruling that he could not challenge his sentence via a § 2241 petition in light of *Persuad*, *supra*. Petitioner is mistaken that his *Burrage* or *McFadden* challenge falls within the narrow definition of sentencing claims that can be pursued via a § 2241 petition. In *Persuad*, the Supreme Court granted certiorari and vacated the judgment based on the position taken by the Solicitor General in his brief for the United States. *Persaud v. United States*, ___ U.S. ___, 134 S.Ct. 1023, 188 L.Ed.2d 117 (2014). In his brief, the Solicitor General argued, for the first time in the case, that a petitioner should be permitted to argue, pursuant to § 2241, the imposition of an erroneous mandatory minimum sentence claim based intervening case law that has been made retroactive to cases on collateral review. *See United States v. Persaud*, No. 13-6435, 2013 WL 7088877 (Dec. 20, 2013). That unique situation is not similarly presented by Mr. Gibson. Firstly, in *Persuad,* the United States Supreme Court did not adopt the Solicitor General's position, thus it is not controlling authority. Rather, the Supreme Court remanded the case to the circuit court in light of the Solicitor General's brief. Therefore, the Court could not

have erred and therefore did not err by not applying it.  Secondly, Petitioner still has not demonstrated that he is entitled to proceed under the savings clause as the Supreme Court has not held that either *Burrage* or *McFadden* is retroactively applicable to cases on collateral review.  However, the Third Circuit Court of Appeals has confirmed that a challenge to a conviction based on *Burrage*, which is an extension of the *Apprendi*[1] and *Alleyne*[2] decisions, does not fall into the limited exception where § 2255 is inadequate or ineffective.  *Dixon v. Warden of FCI Schuylkill*, 647 F. App'x 62, 64 (3d Cir. 2016); *see also Upshaw v. Warden Lewisburg USP*, 634 F. App'x 357, 359 (3d Cir. 2016).  In light of the foregoing, Mr. Gibson has not established that his remedy under § 2255 is inadequate or ineffective.

Because Mr. Gibson identifies no newly discovered evidence or manifest errors of law or fact within the Court's dismissal order, his motion for reconsideration will be denied.

An appropriate order follows.

**/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**

**Date:  February 21, 2017**

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

[2] *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).